1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11   CHRISTIAN BRACAMONTES,
     CDCR #P-70316,
12

                                        Plaintiff,
13

14

15

16                            vs.

17

18

19   MOYA, Correctional Sergeant;
     LOPEZ, Correctional Officer, ISU;
20   LIZARRAGA, Correctional Officer;
     JOHN DOE, Associate Warden;
21   JOHN and JANE DOES 1-10,

22                                        Defendants.

23

24

| Civil No.  10-2512 H (NLS) |
| --- |
| **ORDER:** |
| **1) DENYING MOTION TO ACCEPT COMPLAINT IN FORMAT SUBMITTED AS MOOT [Doc. No. 3];** |
| **2) DENYING EX PARTE MOTION FOR PRELIMINARY INJUNCTIVE RELIEF PURSUANT TO FED.R.CIV.P. 65 [Doc. No. 4];** |
| **3) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(a) [Doc. No. 2]; AND** |
| **4) DIRECTING UNITED STATES MARSHAL TO EFFECT SERVICE PURSUANT TO 28 U.S.C. § 1915(d) AND FED.R.CIV.P. 4(c)(3)** |

25

26        Plaintiff, an inmate currently incarcerated at California State Prison - Los Angeles (CSP-

27   LAC) in Lancaster, California, and proceeding pro se, has filed a civil rights complaint pursuant

28   to 42 U.S.C. § 1983.

     / / /

Plaintiff alleges prison officials at Centinela State Prison (CEN) violated his Eighth and Fourteenth Amendment rights by using excessive force against him on June 3, 2009, and by failing to provide medical attention, conspiring and retaliating against him afterward.  *See* Compl. at 7-15, ¶¶ 11-34.  Plaintiff also alleges a pendent state law claim for "intentional and unnecessary infliction ... of extreme emotional distress."  *Id.* at 15 ¶¶ 35-47.

Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2], accompanied by a Motion for the Court to Accept his Complaint [Doc. No. 3] and a Motion for Preliminary Injunctive Relief  [Doc. No. 4].

## I.

### MOTION TO ACCEPT COMPLAINT

Along with his Complaint, Plaintiff submitted a Motion "Containing Information and Requesting the Court accept his Complaint in Format Submitted."  [Doc. No. 3]  Plaintiff asks the Court to accept his Complaint "until such time [he] has [the] opportunity to amend any anomalies contained therein."  *See* Pl.'s Mot. at 1.

"A civil action is commenced by filing a complaint with the court."  *See* FED.R.CIV.P. 3.

Because Plaintiff's Complaint was accepted, filed and docketed as soon as it was received by the Clerk of Court, and no formal motion requesting leave to initiate a civil action or particular form is required by the Federal Rules of Civil Procedure or this Court's Local Rules, Plaintiff's Motion is DENIED as moot.

## II.

### MOTION TO PROCEED IFP

However, all parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, a prisoner granted leave to proceed IFP

remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2).

The Court finds that Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2.  *Andrews*, 398 F.3d at 1119.  Plaintiff's trust account statement shows he has insufficient funds with which to pay any initial partial filing fee.  *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay [an] initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available.").

Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP [Doc. No. 2], and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1).  However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

1    ///

2

3                                         **III.**

4                    **SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

5           The PLRA also obligates the Court to review complaints filed by all persons proceeding

6    IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused

7    of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or

8    conditions of parole, probation, pretrial release, or diversionary program," "as soon as

9    practicable after docketing."   *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).   Under these

10   provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof,

11   which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who

12   are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-

13   27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir.

14   2010) (discussing 28 U.S.C. § 1915A(b)).

15          "[W]hen determining whether a complaint states a claim, a court must accept as true all

16   allegations of material fact and must construe those facts in the light most favorable to the

17   plaintiff." *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington,*

18   152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal

19   Rule of Civil Procedure 12(b)(6)").   In addition, courts "have an obligation where the petitioner

20   is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the

21   petitioner the benefit of any doubt." *Hebbe v. Pliler*, __ F.3d __, 2010 WL 4673711 at *3 & n.7

22   (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)).   The court may

23   not, however, "supply essential elements of claims that were not initially pled." *Ivey v. Board*

24   *of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).   "Vague and

25   conclusory allegations of official participation in civil rights violations are not sufficient to

26   withstand a motion to dismiss." *Id.*

27          In his Complaint, Plaintiff alleges to have been beaten "in excess of 100-blows" on June

28   3, 2009 at CEN and "deliberately assault[ed]" in the face, head, neck and shoulders by

1    Defendants even though he was "secured in restraints" after a personal alarm was activated in

2    the work shop area.  *See* Compl. at 9.  Plaintiff further alleges he suffered "profuse bleeding to

3    the face, laceration, slash, cuts, abrasions, swelling of tissue, bruises and lasting physical and

4    psychological injuries," as a result, but was "willful[ly] deni[ed] ... medical care, for more than

5    five hours" after he was beaten.  *Id.* at 14-15.

6        As currently pleaded, the Court finds the allegations in Plaintiff's Complaint sufficient

7    to survive the initial sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b).[1]

8    *See Lopez*, 203 F.3d at 1126-27.  Accordingly, the Court finds Plaintiff is entitled to U.S.

9    Marshal service on his behalf.  *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue

10   and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) ("[T]he court

11   may order that service be made by a United States marshal or deputy marshal ... if the plaintiff

12   is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915.").

13                                                        **IV.**

14                                       **MOTION FOR INJUNCTIVE RELIEF**

15       Plaintiff has also submitted an ex parte Motion for Preliminary Injunctive Relief pursuant

16   to FED.R.CIV.P. 65 [Doc. No. 4].  Procedurally, Plaintiff acknowledges that Rule 65(a)(1)

17   permits issuance of a preliminary injunction "only upon notice to the adverse party," and that

18   neither his Complaint nor summonses have yet to be served.  Nevertheless, Plaintiff asks that

19   the Court be "swayed" by the contents of his filing and "elect" to issue an injunction "without

20   notice to Defendant(s)" due to the limits inherent to his incarceration.  *See* Pl.'s Mot. [Doc. No.

21   4] at 1-2.  Substantively, Plaintiff claims that ever since he was "seriously injured by CDCR

22   prison personnel" on June 3, 2009, he has been "subjected to various adverse acts committed by

23   CDCR personnel but which have not physically harmed him."  *Id.* at 4.  Specifically, Plaintiff

24   claims he was threatened by unspecified Defendants five hours after he alleges to have been the

25   victim of excessive force on June 3, 2009, *id.* at 3, denied lunches, clean laundry, access to the

26   prison canteen and subject to various acts of discrimination at CEN after he was placed in

27   ───────────────

28       [1]  Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of,
     and not a substitute for, any subsequent Rule 12[] motion that [any defendant] may choose to bring."
     *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

Administrative Segregation pending investigation of the incident. *Id.* at 3-4.  Since his transfer to CSP-LAC, Plaintiff also claims to have been asked by unidentified guards whether he was trying to get their "friends fired."  *Id.* at 4.

## A.    Legal Standard

"A preliminary injunction is an extraordinary remedy never awarded as of right."  *Winter v. Natural Resources Defense Council, Inc.,* 129 S. Ct. 365, 376 (2008) (citation omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Id.* at 374 (citations omitted).  An injunction "may only be awarded upon a clear showing that the plaintiff is entitled to relief."  *See id.* at 376 (quotation omitted).

Pursuant to Federal Rule of Civil Procedure 65, an injunction "binds only the following who receive actual notice of it by personal service or otherwise:  (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with [them]."  FED.R.CIV.P. 65(d)(2).  In general, "[a] federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."  *Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1985).

One "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).  The court may not attempt to determine the rights of persons not before it. *See, e.g., Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda,* 753 F.2d at 727-28.

Moreover, "[s]peculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction.  A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must demonstrate immediate threatened injury as a

1  prerequisite to preliminary injunctive relief." *Caribbean Marine Servs. Co. v. Baldridge*, 84

2  F.2d 668, 674 (9th Cir. 1988) (citations omitted).

3

4  **B.    Application to Plaintiff's Case**

5  Because Plaintiff's action is so new, his Motion to Proceed IFP has just been granted and

6  the Court has just completed its preliminary screening of the Complaint as required by 28 U.S.C.

7  § 1915(e)(2) & § 1915A, United States Marshal service pursuant to 28 U.S.C. § 1915(d) and

8  FED.R.CIV.P. 4(c)(3) has yet to be effected.   Thus, because no Defendant has yet to be served

9  in this case, the Court lacks personal jurisdiction over *any* party at this time.   Rule 65 of the

10  Federal Rules of Civil Procedure provides that "the court may issue a preliminary injunction

11  only on notice to the adverse party."   FED.R.CIV.P. 65(a).   Plaintiff has not demonstrated that

12  his Complaint or his Motion have been served on any named Defendant.   In fact, he admits they

13  have not.   *See* Pl.'s Mot. at 1-2.

14  Moreover, even if the adverse parties Plaintiff seeks to enjoin were properly served with

15  the appropriate notice, he has failed to establish the imminent irreparable injury required to

16  support a preliminary injunction.   *See Beardslee v. Woodford,* 395 F.3d 1064, 1067 (9th Cir.

17  2005).   This is because where immediate injunctive relief is sought based on claims that

18  governmental actors or agencies have violated the law in the past, as is the case here, Plaintiff

19  must establish that the threat of future or repeated injury is both "real and immediate," not just

20  "conjectural" or "hypothetical."   *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983).

21  Plaintiff's Motion alleges he was seriously injured by CDCR prison personnel at CEN

22  in June 2009, and that ever since, he has felt threatened and been subject to "adverse retaliatory

23  acts," which he does not ascribe to any particular Defendant.   *See* Pl.'s Mot. at 5.   In addition,

24  while Plaintiff asks the Court to enjoin Defendants–all prison officials at CEN–from ever "again

25  beat[ing] [him] for unprovoked reasons" "meddl[ing]" with his "personal and/or legal

26  correspondence," or "threaten[ing]" him, *id.* at 6, he is no longer incarcerated at CEN and has

27  alleged no facts from which this Court could conclude that any prison official at CSP-LAC,

28  where he is currently incarcerated, has acted "in active concert or participation" with any CEN

1   official.   *See* FED.R.CIV.P. 65(d)(2) (providing that an injunction binds only the parties, their

2   agents or "other persons who are in active concert or participation" with them having "actual

3   notice of it by personal service or otherwise."); *see also Preiser v. Newkirk*, 422 U.S. 395,

4   402-03 (1975) (inmate's release or transfer from one institution to another while his claims are

5   pending generally moots any claims for injunctive relief which relate to the transferring prison's

6   policies or practices absent some evidence of an expectation of being transferred back); *Dilley*

7   *v. Gunn,* 64 F.3d 1365, 1368 (9th Cir. 1995).

8          Moreover, even if Plaintiff alleged facts suggesting an impending transfer back to CEN,

9   or facts supporting CSP-LAC officials' "active concert or participation" with the CEN officials

10  named as Defendants, a generalized fear that he *might* be subject to future retaliation at CSP-

11  LAC, without more, is merely "[s]peculative injury [that] does not constitute irreparable injury

12  sufficient to warrant granting a preliminary injunction."  *Caribbean Marine Services Co.,* 844

13  F.2d at 674.

14         "[I]njunctive relief is 'to be used sparingly, and only in a clear and plain case.'"  *Gomez*

15  *v. Vernon*, 255 F.3d 1118, 1128 (9th Cir. 2001) (quoting *Rizzo v. Goode*, 423 U.S. 362, 378

16  (1976)).  Thus, for these reasons, the Court DENIES without prejudice Plaintiff's Motion for

17  Injunctive Relief [Doc. No. 4] pursuant to FED.R.CIV.P. 65.

**V.**

**CONCLUSION AND ORDER**

20         For the reasons set forth above, **IT IS ORDERED** that:

21         (1)     Plaintiff's Motion to Accept Complaint in Format Submitted [Doc. No. 3] is

22  **DENIED** as moot;

23         (2)     Plaintiff's ex parte Motion for Preliminary Injunctive Relief pursuant to

24  FED.R.CIV.P. 65 [Doc. No. 4] is **DENIED** without prejudice; and

25         (3)     Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2]

26  is **GRANTED**.

27         (4)     The Secretary of California Department of Corrections and Rehabilitation, or his

28  designee, is ordered to collect from Plaintiff's prison trust account the $350 balance of the filing

fee owed in this case by collecting monthly payments from the trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the account and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).   ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

(5)     The Clerk of the Court is directed to serve a copy of this order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California 94283-0001.

**IT IS FURTHER ORDERED** that:

(6)     The Clerk shall issue a summons as to Plaintiff's Complaint [Doc. No. 1] upon Defendants and shall and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant.  In addition, the Clerk shall provide Plaintiff with a certified copy of this Order and a certified copy of his Complaint and the summons so that he may serve Defendants.[2]  Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package.  Upon receipt, the U.S. Marshal shall serve a copy of the Complaint and summons upon Defendants as directed by Plaintiff on the USM Form 285s.  All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

---

[2]  Plaintiff must, of course, identify the parties currently described only as "John Doe, Associate Warden" and "John and Jane Does 1-10" by their true names and substitute those individual persons by amending his Complaint to identify each individual party before the United States Marshal will be able to execute service upon him or her. *See Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567 (1995) (Doe defendants must be identified and served within 120 days of the commencement of the action against them); FED.R.CIV.P. 15(c)(1)(C) &  4(m).  Generally, Doe pleading is disfavored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  And when the plaintiff proceeds IFP, it is in most instances impossible for the United States Marshal to serve a summons and complaint upon a party identified only as a Doe. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (in order to properly effect service under Rule 4 in an IFP case, the plaintiff is required to "furnish the information necessary to identify the defendant.").  However, the Court will not dismiss Plaintiff's claims against the Doe Defendants at this time because where the identity of an alleged defendant is not known prior to filing of an action, Ninth Circuit authority provides that the plaintiff be given an opportunity to pursue appropriate discovery to identify the unknown Does, unless it is clear that discovery would not uncover their identities, or that the Complaint should be dismissed for other reasons. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie*, 629 F.2d at 642).

1    (7)    Defendants are thereafter **ORDERED** to reply to Plaintiff's Complaint within the

2    time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a).  *See* 42

3    U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to

4    reply to any action brought by a prisoner confined in any jail, prison, or other correctional

5    facility under section 1983," once the Court has conducted its sua sponte screening pursuant to

6    28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based

7    on

8    the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the

9    merits," the defendant is required to respond).

10    (8)    Plaintiff shall serve upon the Defendants or, if appearance has been entered by

11    counsel, upon Defendants' counsel, a copy of every further pleading or other document

12    submitted for consideration of the Court.  Plaintiff shall include with the original paper to be

13    filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy

14    of any document was served on Defendants, or counsel for Defendants, and the date of service.

15    Any paper received by the Court which has not been filed with the Clerk or which fails to

16    include a Certificate of Service will be disregarded.

17    IT IS SO ORDERED.

18    Dated: January 14, 2011

19
20    MARILYN L. HUFF, District Judge
      UNITED STATES DISTRICT COURT

21

22

23

24

25

26

27

28