1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11  | CHRISTIAN BRACAMONTES, | CASE NO. 10cv2512-H (NLS)

12  | Plaintiff, | **ORDER:**

13  | vs. | **(1) DENYING MOTION FOR DISCOVERY** *WITHOUT PREJUDICE*

14

15  | MOYA, Correctional Sergeant; | **(2) DIRECTING SERVICE ON DEFENDANT MOYA**
    | LOPEZ, Correctional Officer, ISU;

16  | LIZARRAGA, Correctional Officer;
    | JOHN DOE, Associate Warden;

17  | JOHN and JANE DOES 1-10,

18  | Defendants.

19
20

## INTRODUCTION

21

Plaintiff, an inmate currently incarcerated at California State Prison-Los Angeles (CSP-LAC),

22  proceeding *pro se* and *in forma pauperis,* filed a civil rights complaint pursuant to 42 U.S.C. § 1983

23  on December 3, 2010.  Plaintiff claims prison officials at Centinela State Prison violated his Eighth

24  and Fourteenth Amendment rights by using excessive force against him, among other things.  *See*

25  Compl. at 7-15, ¶¶ 11-34.

26  On January 14, 2011, the District Court issued an Order directing the United States Marshal

27  to effect service on Defendants. [Doc. No. 7.] All named Defendants, except for Moya, have been

28  served.

1    On March 25, 2011, Plaintiff filed a Motion for Discovery pursuant to Federal Rules of Civil

2  Procedure 26(a) and 34(a).  However, because an Answer to Plaintiff's Complaint was not due until

3  April 18, 2011, and counsel for Defendants had not yet made an appearance in the case, Plaintiff's

4  motion was premature and the Court denied Plaintiff's motion without prejudice. [Doc. No. 13.]

5  Plaintiff has now filed another motion for discovery.  Counsel for Defendants Lopez and Lizarraga

6  has made an appearance and filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure

7  12(b)(6).  [Doc. No. 14.]  Defendant Moya remains unserved.

8    **DISCUSSION**

9    Plaintiff appears to be requesting that the Court issue  an order requiring Defendants to

10  produce certain information, documents, and records.  However, Plaintiff must first request discovery

11  from Defendants and if Defendants fail to make a disclosure required by Rule 26(a)[1] then Plaintiff may

12  seek a motion to compel.  *See* Fed.R.Civ.P. 37(a)(1) and (a)(3)(A).  From the proof of service attached

13  to Plaintiff's motion it does appear Defendants were served with a copy of this motion but it is not

14  clear whether they have had the time to respond or whether they have refused to respond.

15    In addition, Plaintiff may request issuance of subpoenas from the Clerk of Court pursuant to

16  Rule 45(a)(3).  Plaintiff's *in forma pauperis* status will not relieve him from the payment of fees or

17  expenses associated with the subpoenas.  *See Tedder v. Odel*, 890 F.2d 210, 211-212 (9th Cir. 1989).

18  Plaintiff must first serve the subpoenas, and if the subpoenaed parties do not comply, then Plaintiff

19  may file a motion to compel those parties to comply with the subpoenas.

20    Defendants have filed a Motion to Dismiss under Rule 12(b)(6), and may be awaiting the

21  ruling on that motion prior to engaging in discovery.  A Rule 12(b)(6) dismissal may be based on

22  either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a

23  cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th

24  Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

25  However, a plaintiff's complaint must provide no more than a "short and plain statement of the

26  claim showing that [he] is entitled to relief."  (*Id.*) (citing FED.R.CIV.P. 8(a)(2)).  *See Erickson v.*

27  *Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (internal quotation marks omitted)("Specific

28

[1] Rule references are to the Federal Rules of Civil Procedure.

1    facts are not necessary; the statement need only give the defendant[s] fair notice of what ... the

2    claim is and the grounds upon which it rests.").  Therefore, there would be no benefit to either side

3    in pursuing detailed fact discovery prior to a ruling on this motion.

4         Plaintiff also states that he has been informed Defendant Moya no longer works at

5    Centinela  and requests Moya's current mailing address for purposes of service of the Complaint.

6    In this matter, the Court will direct the United States Marshal to effect service on defendant Moya

7    in the manner described below.

8                              **CONCLUSION**

9         1.     Plaintiff's motion for discovery of prison records and other information is

10   premature.  Thus, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion.

11        2.     As to Defendant Moya, the Court **ORDERS**  the Attorney General's office to

12   obtain Moya's last known contact information from the CDCR, and provide this information to the

13   U.S. Marshal in a *confidential memorandum* indicating that the summons and Complaint are to be

14   delivered to the specified address.  The Deputy Attorney General assigned to this case shall

15   provide the U.S. Marshal with any such information on or before **May 12, 2011.**  Within forty-five

16   (45) days of receipt of any available addresses from the Deputy Attorney General, the Court

17   **ORDERS** the U.S. Marshal to serve a copy of Plaintiff's Complaint and summons upon Moya.

18   All costs of service shall be advanced by the United States pursuant to the Court's January 14,

19   2011 Order directing service pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3).  [Doc.

20   No. 7.]

21        **IT IS FURTHER ORDERED** that the Clerk of the Court provide a copy of: (1) the

22   Court's January 14, 2011 Service Order [doc. no. 7]; (2) this Order; and (3) the Complaint,

23   summons and a blank U.S. Marshal Form 285 to the Deputy Attorney General for purposes of re-

24   attempting service as to Defendant Moya.  Both the Deputy Attorney General and the Office of the

25   U.S. Marshal are **ORDERED** to keep any address provided for Moya strictly confidential.  Thus,

26   any such address ***shall not*** appear on any U.S. Marshal Form 285, ***shall not*** be provided to

27   Plaintiff, and ***shall not*** be made part  of the Court's record.

28

1    In the event that the CDCR does not have an updated address for Moya, the Deputy

2    Attorney General shall file a Declaration with the Court to that effect by no later than **May 12,**

3    **2011**.

4    IT IS SO ORDERED.

5    DATED:  April 29, 2011

6

7                                                    Hon. Nita L. Stormes
                                                     U.S. Magistrate Judge
8                                                    United States District Court

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28