**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTIAN BRACAMONTES,<br><br>                            Plaintiffs,<br>  vs.<br><br>CORRECTIONAL SERGEANT MOYA, et al.<br><br>                            Defendants. | CASE NO. 10-CV-2512-H (NLS)<br><br>**ORDER DENYING MOTION FOR INJUNCTIVE RELIEF**<br><br>[Doc. No. 28.] |

On December 3, 2010, Christian Bracamontes ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983 alleging prison officials at Centinela State Prison violated his Eighth and Fourteenth Amendment rights by using excessive force against him on June 3, 2009, and by failing to provide medical attention, conspiring and retaliating against him afterward. (Doc. No. 1 at 7-15.) Plaintiff also filed a motion for preliminary injunctive relief under the Federal Rule of Civil Procedure 65. (Doc. No. 4.) On January 14, 2011, the Court denied Plaintiff's motion for preliminary injunctive relief, noting that Plaintiff had not given notice of the motion to any Defendant as required by Rule 65, and that Plaintiff's motion failed to establish the imminent irreparable injury required to support a preliminary injunction. (Doc. No. 7 at 7.)

On July 27, 2011, Plaintiff filed another motion for injunctive relief pursuant to Rule 65. (Doc. No. 28.) For the following reasons, the Court DENIES the motion.

**DISCUSSION**

**A.     Legal Standard**

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction "may only be awarded upon a clear showing that the plaintiff is entitled to relief." See id. at 22 (quotation omitted). Moreover, "[s]peculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction. A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief." Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988) (citations omitted).

Pursuant to Federal Rule of Civil Procedure 65, an injunction "binds only the following who receive actual notice of it by personal service or otherwise: (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with [them]." Fed. R. Civ. P. 65(d)(2). In general, "[a] federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. INS, 753 F.2d 719, 727 (9th Cir. 1985). The court may not attempt to determine the rights of persons not before it. See, e.g., Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234-35 (1916); Zepeda, 753 F.2d at 727-28.

**B.     Analysis**

Plaintiff is currently incarcerated at California State Prison - Los Angeles (CSP/LAC) in Lancaster, California. (See Doc. No. 28 at 1.) Plaintiff's motion alleges that various correctional officers at CSP/LAC–not named as defendants in this litigation–are retaliating against Plaintiff for filing his civil rights complaint. (Id. at 2-6.) Plaintiff seeks an injunction against "anyone who has personal access to Plaintiff, inside any prison where he's housed."

(Id. at 9.) Plaintiff requests that his mail be delivered within the time limits set forth by the CDCR regulations, that no deliberate harm be caused to his mail or living quarters, that no inappropriate touching of Plaintiff's body be committed by any guard, and that all future cell searches be conducted within the scope of the CDCR regulations. (Id.)

Based on a review of the current record, the Court determines that Plaintiff has not shown sufficient evidence to meet the standards for a preliminary injunction. First, Plaintiff's motion for injunctive relief against parties not named in his complaint and not served in this action does not comply with the notice requirements of Rule 65. See Fed. R. Civ. P. 65(d)(2). Secondly, the motion fails to establish that Plaintiff will likely suffer irreparable harm in the absence of injunctive relief. Plaintiff has not demonstrated how the alleged violations of the CDCR regulations, should they occur in the future, would cause an irreparable injury. Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction. Caribbean Marine Servs. Co., 844 F.2d at 674. "[I]njunctive relief is 'to be used sparingly, and only in a clear and plain case.'" Gomez v. Vernon, 255 F.3d 1118, 1128 (9th Cir. 2001) (quoting Rizzo v. Goode, 423 U.S. 362, 378 (1976)). Because Plaintiff has not met the standards for a preliminary injunction, the Court DENIES his motion for injunctive relief.

## CONCLUSION

For the reasons above, the Court **DENIES** Plaintiff's motion for injunctive relief.

**IT IS SO ORDERED.**

DATED: August 3, 2011

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT